UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 03 2018

David J. Bradley, Clerk of Court

| UNITED STATES | § | CRIMINAL NO. |
|---|---|---|
| | § | |
| v. | § | (UNDER SEAL) |
| | § | |
| WILLIAM ANDREW HIGHTOWER | § | **18 CR 600** |

### INDICTMENT

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

THE GRAND JURY CHARGES:

### COUNTS ONE - ELEVEN
(Wire Fraud – 18 U.S.C. §§1343 and 2)

A.  INTRODUCTION

At all times material to this indictment:

1. WILLIAM ANDREW HIGHTOWER ("HIGHTOWER") was a resident in Bellaire, Texas.

2. Hightower Capital Group, Inc. (HCG) was formed in Texas on February 17, 2010. HIGHTOWER was listed as the President of HCG.

3. HIGHTOWER's office was located at 3411 Richmond Avenue, Suite 620, in Houston, Texas. HIGHTOWER held himself out as being an investment advisor.

4. South Texas Properties, Inc. was formed in Texas on October 15, 2009. HIGHTOWER was listed as the President of South Texas Properties Inc.

5. DA, GC, PC, DB, WH, AH, RG, RL, AP, ARN and AAN were eleven individuals, in addition to others, who loaned or invested a total of over $10 million USD with HIGHTOWER.

6. HIGHTOWER controlled, among others, bank accounts at the following financial

institutions:

| Account Name | Bank | Last 4 Digits of Account Number |
|---|---|---|
| Hightower Capital Group | JP Morgan Chase | ***2220 |
| Hightower Capital Group | Post Oak Bank | ***6037 |
| South Texas Properties, Inc. | Post Oak Bank | ***6045 |

B. THE SCHEME AND ARTIFICE TO DEFRAUD

7. Beginning in or about January 2013 to present, in the Houston Division of the Southern District of Texas and elsewhere, the defendant,

**WILLIAM ANDREW HIGHTOWER,**

intentionally and knowingly devised and intended to devise a scheme and artifice to defraud investors, by means of material false pretenses, representations, and promises, in that the defendant convinced investors to entrust him with managing their investments, but instead of investing or managing their funds, HIGHTOWER misappropriated and misused the funds in order to obtain substantial economic benefits for his own personal use and benefit.

C. MANNER AND MEANS OF THE SCHEME AND ARTIFICE

8. HIGHTOWER would and did tell investors he would invest their funds through his company.

9. HIGHTOWER would and did offer investors a "private annuity" and promised to pay the investors a certain amount per month in exchange for a lump sum payment to HCG.

10. HIGHTOWER would and did tell investors that he would use their investment

2

funds to invest in restaurants, movies, insurance contracts, among other things.

11. HIGHTOWER would and did falsely misrepresent that an account was backed by a $450,000 Certificate of Deposit at Post Oak Bank, when in fact it was not.

12. HIGHTOWER would and did direct clients to transfer their funds or assets to an intermediary, self-directed custodian (i.e. Millennium Trust Company).

13. HIGHTOWER would and did open commercial checking account ending in 2220 with JP Morgan Chase Bank in the name of Hightower Capital Group located in the Southern District of Texas.

14. HIGHTOWER would and did open commercial checking account ending in 6037 with Post Oak Bank in the name of Hightower Capital Group located in the Southern District of Texas.

15. HIGHTOWER would and did open commercial checking account number ending in 6045 in the name of South Texas Properties Inc. at Post Oak Bank located in the Southern District of Texas.

16. HIGHTOWER would and did cause investors' funds to be wire transferred from their designated bank or investment accounts to HIGHTOWER's commercial checking accounts at JP Morgan Chase and Post Oak Banks.

17. HIGHTOWER would and did sell investors' publicly traded securities without their knowledge and used the proceeds to purchase shares of HCG.

18. HIGHTOWER would and did appropriate the money transferred to HCG for his own personal use, including paying his personal expenses, paying employees, paying his credit cards, paying other investors, and transferring funds to other companies controlled by

HIGHTOWER.

19. HIGHTOWER would and did make some of the promised "annuity payments" to some of the investors by using other investors' funds and not from proceeds of any investments.

20. HIGHTOWER would and did provide fabricated portfolios to investors falsely presenting that their funds were invested in securities other than HCG.

21. HIGHTOWER would and did forge signatures on numerous documents.

22. HIGHTOWER would and did conceal from his clients that he had been barred by the Financial Industry Regulatory Authority (FINRA) in October 2015 from acting as a broker or otherwise associating with a broker-deal firm.

23. HIGHTOWER would and did convince numerous individuals to entrust him with over $10 million USD.

**D.  EXECUTION OF THE SCHEME AND ARTIFICE**

24. On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant listed below, did aid and abet with others known and unknown to the grand jury, for the purpose of executing the aforementioned scheme and artifice to defraud and to obtain money by material false and fraudulent representations, pretenses, and promises, did intentionally and knowingly cause to be transmitted by means of wire communication in interstate or foreign commerce, the transfer of funds described below:

| Count | Date | Defendant | Wire Communication |
|---|---|---|---|
| 1 | 1/16/2014 | **WILLIAM ANDREW HIGHTOWER** | $1,000,000 wire transfer from Millennium Trust to Hightower Capital Group from MB Financial Bank to JP Morgan Chase Bank for a private annuity contract and Hightower Capital Group shares of WH |
| 2 | 1/14/2015 | **WILLIAM ANDREW HIGHTOWER** | $900,000 wire transfer from Millennium Trust to Hightower Capital Group from MB Financial Bank to Post Oak Bank for an investment on behalf of DA |
| 3 | 7/23/2015 | **WILLIAM ANDREW HIGHTOWER** | $80,000 wire transfer from Millennium Trust to South Texas Properties Inc. from MB Financial Bank to Post Oak Bank as distribution to DA |
| 4 | 8/12/2015 | **WILLIAM ANDREW HIGHTOWER** | $500,000 wire transfer from Millennium Trust to Hightower Capital Group behalf of AP from MB Financial Bank to Post Oak Bank for Hightower Capital Group shares |
| 5 | 8/20/2015 | **WILLIAM ANDREW HIGHTOWER** | $250,000 wire transfer from Millennium Trust to Hightower Capital Group on from MB Financial Bank to Post Oak Bank for an investment on behalf of PC |
| 6 | 11/27/2015 | **WILLIAM ANDREW HIGHTOWER** | $1,000,000 wire transfer from Millennium Trust to Hightower Capital Group on behalf of ARN and AAN trusts from MB Financial Bank to Post Oak Bank for Hightower Capital Group shares |
| 7 | 3/14/2016 | **WILLIAM ANDREW HIGHTOWER** | $800,000 wire transfer from Millennium Trust to Hightower Capital Group on behalf of AP from MB Financial Bank to Post Oak Bank for Hightower Capital Group shares |
| 8 | 8/31/2016 | **WILLIAM ANDREW HIGHTOWER** | $80,000 wire transfer from Millennium Trust to Hightower Capital Group from MB Financial Bank to Post Oak Bank for an investment on behalf of GC |
|   |   |   |   |

| 9 | 4/28/2017 | **WILLIAM ANDREW HIGHTOWER** | $900,000 wire transfer from Millennium Trust to Hightower Capital Group on behalf of P2009 Insurance Trusts from MB Financial Bank to Post Oak Bank for Hightower Capital Group shares |
| --- | --- | --- | --- |
| 10 | 8/17/2017 | **WILLIAM ANDREW HIGHTOWER** | $200,000 wire transfer from DB to Hightower Capital Group from Integrity Bank to Post Oak Bank for a promissory note |
| 11 | 11/6/2017 | **WILLIAM ANDREW HIGHTOWER** | $300,000 wire transfer from Millennium Trust to Hightower Capital Group from MB Financial Bank to Post Oak Bank for investments for RG |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWELVE
### (Mail Fraud – 18 U.S.C. §§1341 and 2)

A. INTRODUCTION

1. The Grand Jury adopts, re-alleges, and incorporates herein Paragraphs 1-6 of Counts One through Eleven as if set out fully herein.

B. THE SCHEME AND ARTIFICE

2. The Grand Jury adopts, re-alleges, and incorporates herein Paragraph 7 of Counts One through Eleven as if set out fully herein.

C. MANNER AND MEANS OF THE SCHEME AND ARTIFICE

3. The Grand Jury adopts, re-alleges, and incorporates herein Paragraphs 8-23 of Counts One through Eleven as set out fully herein.

D. EXECUTION OF THE SCHEME AND ARTIFICE

4. On or about the dates set forth below, in the Southern District of Texas and elsewhere, the defendant listed below, for the purpose of executing the aforementioned scheme

and artifice to defraud and obtain money by material false and fraudulent representations, pretenses, and promises, did intentionally and knowingly cause to be delivered by the United States Postal Service mail and private and commercial interstate carriers the following matters:

| Count | Date | Defendant | Mailing |
|---|---|---|---|
| 12 | 11/4/2014 | **WILLIAM ANDREW HIGHTOWER** | Account opening documents for AH sent to Millennium Trust by HIGHTOWER via Federal Express with forged signature of AH and check for $105,722.48 |

All in violation of Title 18, United States Code, Section 1341 and 2.

## COUNT THIRTEEN
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity 18 U.S.C. §1957(a))

A. INTRODUCTION

1. The Grand Jury adopts, re-alleges, and incorporates herein Paragraphs 1-6 of Counts One through Eleven as if set out fully herein.

B. MONETARY TRANSACTIONS

2. On or about January 16, 2018, in the Houston Division of the Southern District of Texas and elsewhere, defendant,

**WILLIAM ANDREW HIGHTOWER,**

did knowingly engage in and attempt to engage in, a monetary transaction in criminally derived property of a value greater than $10,000, that is a transfer of $30,000 from checking account ending 1854 to checking account ending 6037, such funds having been derived from specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2.

In violation of Title 18, United States Code, Section 1957(a).

7

## NOTICE OF CRIMINAL FORFEITURE
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant,

**WILLIAM ANDREW HIGHTOWER,**

that in the event of conviction of any of the offenses charged in Counts 1 through 12 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## NOTICE OF CRIMINAL FORFEITURE
18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendant,

**WILLIAM ANDREW HIGHTOWER,**

that in the event of conviction of Counts 13 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, involved in the money laundering offense or traceable to such property.

8

## Money Judgment and Substitute Assets

Defendant is notified that upon conviction, a money judgment of at least $10 million USD may be imposed against him. Defendant is further notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the Defendant up to the amount of the money judgment.

A TRUE BILL

Original Signature on File
FOREPERSON OF THE GRAND JURY

RYAN PATRICK
UNITED STATES ATTORNEY

By: _____
SUZANNE ELMILADY
Assistant United States Attorney
(713) 567-9000