United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-18-600 |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-3425 |
| WILLIAM ANDREW HIGHTOWER | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner William Andrew Hightower filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 74), with a memorandum of law (Docket Entry No. 77). The Government filed a response, seeking to dismiss in part and set an evidentiary hearing pursuant to *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). (Docket Entry No. 78.) The Court granted an evidentiary hearing and appointed counsel as to petitioner's *Tapp* claim, and an evidentiary hearing was held on October 11, 2022, before this Court.

Having reviewed the section 2255 motion and memorandum of law, the response, the record, and the applicable law, and having heard and considered testimony presented by the parties at the evidentiary hearing and argument of counsel, the Court DENIES the section 2255 motion, as shown below.

### *Background and Claims*

Petitioner pleaded guilty to two counts of wire fraud pursuant to a written plea agreement, and the Court sentenced him on October 22, 2020, to 188 months' imprisonment followed by a 3-year term of supervised release. No direct appeal was taken.

In the instant proceeding, petitioner claims that (1) trial counsel failed to follow his instructions to file a direct appeal in the case, (2) his guilty plea was induced by a false promise, and (3) trial counsel did not advocate or present evidence of petitioner's legitimate business expenses.[1]

The Government argues that the second and third claims are refuted by the record or are otherwise without merit, and that the first claim should be resolved based on the evidentiary hearing testimony.

## *Legal Standards*

Generally, there are four grounds upon which a petitioner may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional

---

[1] The Government objected to any new claims for relief that were raised in petitioner's *pro se* memorandum of law. Because petitioner had not requested or obtained leave to file an amended or supplemental section 2255, any new claims raised in the memorandum of law were ordered stricken from the pleading. (Docket Entry No. 79.)

magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are afforded a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id*. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696.

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id*. at 695–96.

Petitioner claims that trial counsel was deficient the following particulars.

*Failure to File an Appeal*

Although petitioner waived his right to appeal in his written plea agreement, the waiver itself does not bar his claim that counsel failed to follow his instructions to file an appeal. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Fifth Circuit holds that

> if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed, and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). That is, the petitioner need not show "that his hypothetical appeal might have had merit." *United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014). However, the burden of proof is on petitioner to establish by a preponderance of the evidence that he instructed trial counsel to file an appeal and that counsel failed to file the appeal.

The Court has carefully considered the testimony and credibility of the witnesses at the evidentiary hearing and the argument of counsel, and finds that petitioner did not carry his burden of proving by a preponderance of the evidence that he requested trial counsel to file an appeal following sentencing. Consequently, petitioner's claim for ineffective assistance of counsel under *Tapp* is DENIED.

*False Promise*

Petitioner next contends that his guilty plea was involuntarily induced by trial counsel's promise that, "if he pled guilty he would receive no more than five (5) years." (Docket Entry No. 74, p. 5.) His claim is refuted by the plea record itself, in that petitioner affirmatively stated on the record in open court that he understood his sentence could depart from what his counsel told him. (Docket Entry No. 70, pp. 15–17.) Petitioner further affirmatively acknowledged his understanding that his sentence could potentially be up to twenty years in prison. *Id.*, p. 11. Moreover, when the Court specifically asked him at the plea hearing if he was pleading guilty because of "any promise" made to him, petitioner replied, "No." *Id.*, p. 22. Petitioner's sworn statements at the plea hearing reflect that his

plea was a constitutionally valid knowing and voluntary guilty plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's statement that his plea was knowing and voluntary and that he understood the rights he was waiving create a presumption that in fact the plea is valid. *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000). Indeed, the Fifth Circuit Court of Appeals affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002).

Moreover, petitioner and trial counsel presented testimony at the *Tapp* evidentiary hearing as to whether counsel made any sentencing promises to petitioner for purposes of the plea hearing. Trial counsel testified that he encouraged petitioner to cooperate with the government's investigation of the charges, but that he made no express promises to petitioner. Indeed, the parties agreed that petitioner wanted to enter a guilty plea and avoid trial. To the extent petitioner testified that counsel promised him a specific sentence, the Court does not find his testimony credible, particularly in light of this Court's admonishments and petitioner's testimony to the contrary at the plea hearing. *Id*., pp. 14–15. That petitioner did not receive the sentence he wanted or hoped for does not establish that his plea was involuntary or unknowing. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*, and his claim warrants no relief.

*Business Expenses*

Petitioner also claims that trial counsel was ineffective for failing to advocate or present evidence of his legitimate businesses or his legitimate business expenses in order to reduce the "cap." (Docket Entry No. 74, p. 6.) However, the record shows that trial counsel made objections before and at sentencing to the PSR regarding the amount of restitution and intended loss. Specifically, counsel suggested that the intended loss should be capped at $9.5 million. (Docket Entry No. 68, pp. 9–13.) The Court disagreed. *Id*., p. 13.

The record indicates that the Government agreed to a $9.5 million figure as restitution, but it did not agree to an intended loss of less than $15 million. *Id*., p. 12. The Government argued at sentencing that, "Our FBI agents and forensic analysts went through the bank records, they went through the money, they looked at everything. They did a very careful review of everything, and Agent Hopper is here right now if you have any questions for her with respect to that." *Id*. And, as noted by the Court, "All right. I'm going to overrule that objection because, as [the Government] points out, it doesn't really have any effect on the guidelines calculation because the plus 20 enhancement applies for anything from 9.5 million to 25 million." *Id*., p. 13. The Court further noted that, "So, the plea agreement says that the restitution will be in the amount of, at least, 9.5 million; and I always admonish Defendants when I take pleas that I'm not bound by anything that you and the Government agree to with respect to intended loss amounts, restitution amounts, or anything else. I can find it's less.

7

I can find it's more." *Id.* The Court overruled trial counsel's objection that they should "cap it at 18 points" as opposed to 20 points. *Id.*, pp. 13–14.

Petitioner's conclusory allegations of undisclosed evidence of legitimate businesses and expenses are unsupported in the record and provide no basis for habeas relief. Petitioner re-urged his claim at the *Tapp* evidentiary hearing, but submitted no documents or other evidence that trial counsel should have presented. Nor does petitioner show that evidence of any businesses or expenses would have made a difference for sentencing purposes.

Petitioner fails to demonstrate deficient performance and actual prejudice under *Strickland*, and his clam for ineffective assistance of trial counsel is denied.

## *Conclusion*

For the above reasons, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 74) is DENIED. Any and all pending motions are DISMISSED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas, on October \_\_\_\_, 2022.

                                                                             Gray H. Miller
                                            Senior United States District Judge