United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | CRIMINAL ACTION NO. H-18-600 |
| v. § | |
| § | CIVIL ACTION NO. H-21-3425 |
| WILLIAM ANDREW HIGHTOWER § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Rule 60(b)(6) motion filed *pro se* by defendant William Andrew Hightower seeking to reopen his section 2255 proceedings. (Docket Entry No. 102.) The motion is DENIED, and in the alternative, DISMISSED for the reasons shown below.

*Background and Claims*

Defendant pleaded guilty to two counts of wire fraud pursuant to a written plea agreement, and the Court sentenced him to 188 months' imprisonment followed by a 3-year term of supervised release on October 22, 2020. No appeal was taken.

On October 18, 2021, defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that (1) trial counsel failed to follow his instructions to file a direct appeal, (2) his guilty plea was induced by a false promise, and (3) trial counsel did not advocate or present evidence of defendant's legitimate business expenses. Counsel was appointed to represent defendant regarding the first habeas claim pursuant to *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007), and an evidentiary hearing

was held on October 11, 2022. The Court denied defendant's section 2255 motion on October 14, 2022.

Approximately one year later on October 12, 2023, defendant filed the pending Rule 60(b)(6) motion. He requests that his section 2255 proceeding be "reopened" so that he can present evidence in support of his third claim that trial counsel did not advocate or present evidence of defendant's legitimate business expenses for purposes of sentencing. He further complains that counsel at the *Tapp* evidentiary hearing was ineffective in not presenting evidence supporting the third habeas claim. Defendant proffers no documentary or other evidence of any legitimate business expenses that were withheld or that should have been presented for purposes of sentencing.

## *Analysis*

### *Timeliness*

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that, "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). To demonstrate "any other reason that justifies relief," a petitioner must show "extraordinary circumstances." *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). "Such circumstances will rarely occur in the habeas context." *Id*. at 535.

Rule 60(c)(1) requires that a motion brought pursuant to Rule 60(b)(6) must be filed "within a reasonable time." FED. R. CIV. P. 60(c)(1). Although the Rule itself provides no

definition of "a reasonable time," guidance can be found in Fifth Circuit precedent. In *Clark v. Davis*, 850 F.3d 770 (5th Cir. 2017), the United States Court of Appeals for the Fifth Circuit stated that reasonableness turns on the particular facts and circumstances of the case. "[T]imeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment." *Id.*, quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119, 120 (5th Cir. 1992).

Defendant in this case was aware as of October 11, 2022, of what evidence counsel did or did not present at the *Tapp* evidentiary hearing in support of his third habeas claim. Moreover, defendant was aware as of October 14, 2022, that the Court had denied relief under section 2255 as to his third habeas claim. Defendant presents no justification as to why he waited nearly one year to file the instant motion, and the Court finds that the motion has not been filed within a reasonable time. To the extent that defendant may argue that his motion was timely filed within one year after the Court's ruling of October 14, 2022, his argument affords him no relief. The one-year limitation applies only to motions brought under Rule 60(b)(1), (2), or (3), and has no application to defendant's Rule 60(b)(6) motion. *See* FED. R. CIV. P. 60(c)(1).

Defendant's Rule 60(b)(6) motion is DENIED as untimely.

*Lack of Merit*

Even assuming the instant motion had been timely filed, it is factually unsupported, demonstrates no exceptional circumstances warranting relief, and lacks merit. The Court denied defendant relief under his third habeas claim because he failed to present any documents or other evidence of any legitimate business expenses that were withheld or that should have been presented for purposes of sentencing. The Court further denied relief under the third habeas claim because defendant failed to show that evidence of undisclosed business expenses would have made a difference for sentencing purposes, and no prejudice under *Strickland* was established.

Defendant here again fails to present any documents or other evidence of any legitimate business expenses that were withheld or that should have been presented for purposes of sentencing or at the evidentiary hearing. Defendant's conclusory assertions of ineffective assistance of counsel are unsupported in the record and present no "exceptional circumstances" warranting relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 536.

Defendant's Rule 60(b)(6) motion is DENIED in the alternative for lack of merit.

*Successive Section 2255 Motion*

In the further alternative, the instant Rule 60(b)(6) motion constitutes an unauthorized successive section 2255 motion as to defendant's third habeas claim. The Court denied defendant's third habeas claim on the merits, and his pending motion seeks to re-argue the substantive merits of that claim. Neither defendant nor public online records for the Fifth

Circuit Court of Appeals show that he was granted leave to file a second or successive section 2255 motion challenging his sentence. Consequently, the instant motion must be dismissed as an unauthorized successive motion for relief under section 2255. *See In re Edwards*, 865 F.3d 197, 202–03, 205 (5th Cir. 2017).

Defendant's Rule 60(b)(6) motion is DISMISSED in the alternative as an unauthorized successive section 2255 motion as to his third habeas claim.

### *Conclusion*

For the above reasons, defendant's Rule 60(b)(6) motion (Docket Entry No. 102) is DENIED as untimely and without merit. In the alternative, the motion is DISMISSED as an unauthorized successive section 2255 motion as to defendant's third habeas claim. A certificate of appealability is DENIED.

Signed at Houston, Texas, on November  6 , 2023.

Gray H. Miller
Senior United States District Judge